EXHIBIT "A"

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the Office of Judicial Records*
*04 MAR 2021 04:18 pm*
*S. RICE*

| | |
|---|---|
| CHRISTOPHER SINCLAIR | : CIVIL ACTION - LAW |
| vs. | : _____ TERM 2021 |
| THE CHURCH FARM SCHOOL | : NO. |
| | : JURY TRIAL DEMANDED |
| | : (CONSISTING OF 12 MEMBERS) |

## NOTICE TO DEFEND

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help. | Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal. |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 210300487

GOLDBERG, GOLDBERG & MALONEY · ATTORNEYS AT LAW · 213-215 WEST MINER STREET · WEST CHESTER, PA 19382

GOLDBERG, GOLDBERG & MALONEY  
BY: Charles P. Maloney IV, Esquire  
     Joel W. Goldberg, Esquire  
Attorney I.D. Nos. 307452/313982  
213-215 West Miner Street  
West Chester, PA 19382  
(610) 436-6220

*Attorneys for Plaintiff*

---

| | |
|---|---|
| CHRISTOPHER SINCLAIR<br>409 Carolina Beach Ave. N., Unit 2<br>Carolina Beach, NC 28428<br><br>vs.<br>THE CHURCH FARM SCHOOL<br>1001 East Lincoln Highway<br>Exton, PA 19341 | IN THE COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY, PA<br><br>CIVIL ACTION – LAW<br><br>NO.<br><br>JURY TRIAL DEMANDED<br>(CONSISTING OF 12 MEMBERS) |

## COMPLAINT

1. Plaintiff, Christopher Sinclair, is an adult individual, residing in Carolina Beach, North Carolina.

2. Defendant, The Church Farm School, is a non-profit organization incorporated and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1001 East Lincoln Highway in West Whiteland Township, Chester County, Pennsylvania.

3. At all times relevant hereto, The Church Farm School (herein after "CFS") has been the owner and operator of a non-public independent boarding school for boys in grades 7 through 12, which provides a residential college preparatory environment for its students.

4. At all times relevant hereto, CFS has been a member of the National Association of Independent Schools, the National Association of Episcopal Schools, and the Middle States Commissions on Elementary and Secondary Schools.

5. At all times relevant hereto, CFS regularly conducts business within Philadelphia County, Pennsylvania, which includes, but is not limited to, providing educational boarding services to minor students who reside in Philadelphia, soliciting contributions from alumni and businesses in Philadelphia, taking students on trips to Philadelphia, and marketing its services to the parents of youths residing in Philadelphia, and therefore, venue is proper in this jurisdiction.

6. At all times relevant hereto, the employees, supervisors, agents, and/or representatives of CFS were acting under the direction and control of CFS and were acting within the course and scope of their employment with CFS.

7. From approximately 1995 through July 2010, CFS employed Marc Spera, an adult who worked as a teacher and a supervisor or "dorm parent" of a residential building located on CFS's campus.

8. During Marc Spera's employment at CFS he resided in an apartment located within a residential "cottage" or building that also housed minor students.

9. Plaintiff, Christopher Sinclair, was twelve (12) to fourteen (14) years old when he left his family, approximately 460 miles away, to board and attend school at CFS for 7th and 8th grade from approximately September 1, 2008 through June 30, 2010.

10. Before matriculating at CFS, then-minor Plaintiff had an unstable childhood, which led to him being socially isolated or viewed as a loaner by many of his peers, including other students at CFS after enrolling there.

11. When then-minor Plaintiff was a 7th and 8th grade student at CFS, Marc Spera exploited CFS's institutional weaknesses to sexually abuse and sexually assault him on at least forty (40) different occasions in Spera's CFS residence.

12. At all times relevant hereto, CFS's organizational culture and physical environment facilitated Spera's sexual abuse of this then-vulnerable 7th and 8th grade minor plaintiff.

13. At all times relevant hereto, CFS failed to have sufficient policies and procedures in place to identify Spera's patterns of inappropriate behavior towards then-minor Plaintiff or CFS was aware of such behavior and failed to identify strategies to report and prevent the sexual abuse from continuing.

14. In 7th grade, then-minor Plaintiff resided in the Taylor Cottage building, while Marc Spera was a CFS dorm parent residing in the Catherwood Cottage building.

15. In 8th grade, then-minor Plaintiff resided in the Disston Cottage building, while Marc Spera was a CFS dorm parent residing in the Woodside Cottage building.

16. Despite Spera residing in, and serving as the dorm parent of, a different building than that of then-minor Plaintiff, it was commonly known by CFS employees and staff members, that Spera spent a lot of unsupervised time with then-minor Plaintiff to the extent that the two "might as well have been roommates those two years."

17. During the aforesaid two years, it was common for then-minor Plaintiff be away from his residence dorm after curfew, at which time his actual dorm parents[1] often called Spera's phone to ensure the minor remained on campus, but then allowed him to remain alone with Spera in his CFS apartment.

18. In addition to the conduct described in the foregoing paragraphs, Marc Spera demonstrated the following sexual grooming behavioral patterns or inappropriate conduct that CFS staff and supervisors knew or should have known of, including, but not limited to:

    a. Spera provided then-minor Plaintiff with free candy, drinks, snacks from his dorm parent "store," while all other students were required to pay for these items;

    b. Spera gifted then-minor Plaintiff a video game console before summer break between 7th and 8th grade, so that the two could communicate over the video game headsets over the summer;

    c. the unusually significant amount of time that then-minor Plaintiff spent alone, with the door closed, with Spera in his private CFS apartment;

---

[1] Brian Serbin, David Senior, Ryan Dunbar, and Ed Heirbacher.

3

  d. the considerably significant number of times that then-minor Plaintiff appeared late or left early from classes or school events, which were excused or given a "free pass" after then-minor Plaintiff told CFS teachers and staff that he was with Spera;

  e. the open and obvious vast amount of attention that Spera paid to then-minor Plaintiff outside of the plaintiff's 8th grade technology class taught by Spera; and,

  f. the inflated grades Spera gave to then-minor Plaintiff in his 8th grade technology class when his effort and product on assignments did not warrant such high grades.

19. Despite the conduct described in the foregoing paragraphs, CFS failed to investigate the nature of Spera's relationship with then-minor Plaintiff, which allowed this sexual abuse to continue.

20. While Plaintiff was twelve (12) to fourteen (14) years old and in 7th and 8th grade at CFS, Spera subjected him to the following abuses and assaults in his the private CFS apartment:

  a. regular intimate massages or body rubs, which initially began with the then-minor Plaintiff being fully clothed, but over time proceeded to the boy being completely naked;

  b. Spera played pornographic videos on his computer in front of then-minor Plaintiff;

  c. Spera would often "French kiss" then-minor Plaintiff;

  d. Spera masturbated himself in front of then-minor Plaintiff on a number of occasions, including sometimes with olive oil taken from CFS's kitchen to use as lubricant;

  e. Spera masturbated then-minor Plaintiff approximately ten (10) different occasions;

  f. Spera forced then-minor Plaintiff to masterbate Spera on occasions;

  g. Spera performed oral sex on then-minor Plaintiff approximately forty (40) different occasions, including ordering then-minor Plaintiff to violently thrust his penis into Spera's mouth on occasion; and,

  h. Spera captured some of these abuses and assaults on a video recording device and computer.

21. As a result of the aforereferenced abuses and assaults, Plaintiff has suffered physical injuries along with severe psychological, mental, and emotional injuries, which he has and will continue to suffer from for the remainder of his life, including, but not limited to, anxiety, chronic post-traumatic

stress disorder, depression, intrusive thoughts, self-injurious behavior, suicidal thoughts, humiliation, embarrassment, self-blame, shame, anguish, fear, insomnia, nightmares, a loss of self-esteem or self-worth, damaged relationships with family and friends, intimacy difficulties, a loss of enjoyment of life's pleasures, and a loss of the ability to pursue happiness in life.

22. As a result of the aforereferenced injuries, Plaintiff has required medical and psychological treatment, along with said treatment's associated expenses, in the past, and will have to expend substantial monies for this medical and psychological treatment in the future.

23. Plaintiff is an adult bringing this action in a timely manner pursuant to 42 Pa. C.S. § 5533.

## COUNT I
## NEGLIGENCE

24. The averments in the foregoing paragraphs are incorporated by reference as though set forth fully herein.

25. At all times relevant hereto, CFS assumed a duty to then-minor Plaintiff as *in loco parentis* by putting CFS in the situation of a lawful parent by, contractually and otherwise, assuming the obligation incident to the parental relation, which includes the duty to protect the health, wellbeing, and safety of then-minor Plaintiff boarding at CFS.

26. CFS breached this duty by failing to exercise reasonable care to protect then-minor Plaintiff from Spera's sexual abuse and assaults despite knowing of Spera's aforereferenced suspicious and inappropriate behaviors and the foreseeable danger he posed to the vulnerable then-minor Plaintiff.

27. The negligence, gross negligence, and willful, wanton, and reckless conduct of CFS consists of:

    (a) providing Marc Spera with a position of authority at CFS that he utilized to manipulate then-minor Plaintiff and facilitate his sexual abuse and assaults;

    (b) failing to provide then-minor Plaintiff with a safe environment free of sexual abuse and assaults by a CFS teacher;

5

(c) disregarding the risk that Spera would sexually abuse and assault then-minor Plaintiff;

(d) failing to protect then-minor Plaintiff from the sexual assaults of Spera;

(e) failing to implement policies and procedures among CFS staff and employees that encouraged the identification and reporting of sexual grooming techniques and potentially inappropriate behaviors, such as those of Spera set forth in the preceding paragraphs;

(f) failing to investigate Spera when it became known by other teachers, employees, and staff that he was spending an unusually abundant amount of time with then-minor Plaintiff;

(g) failing to intervene in Spera's relationship with then-minor Plaintiff when it became known by other teachers, employees, and staff that the two were spending an unusually significant amount of time alone together;

(h) failing to properly institute and/or enforce a "no closed door" policy or procedure when students are unsupervised or alone in a dorm parent's CFS apartment;

(i) failing to properly screen or hire Spera before placing him as a residential "dorm parent" without a proper investigation of his potential to be a sexual predator;

(j) failing to appreciate the known risk of abuse posed by unmonitored residential bedrooms;

(k) failing to properly monitor or surveil the exterior of Spera's apartment on CFS's premises;

(l) failing to account for the whereabouts of minor-Plaintiff at CFS during the unusually significant amount of time he was alone in Spera's apartment;

(m) failing to properly and safely monitor, limit and/or prohibit one-on-one interactions between minor students and adult dorm parents;

(n) failing to monitor Spera's computer he utilized to show then-minor Plaintiff pornographic videos and/or record his abuse;

(o) failing to adequately train CFS employees, staff and personnel to be vigilant in identifying and observing sexual grooming behaviors;

(p) failing to appreciate the risk that a CFS student may be sexually assaulted or sexually groomed by a CFS teacher or dorm parent;

6

(q) failing to take reasonable safety and security measures to ensure the safety and well-being of then-minor Plaintiff;

(r) providing Spera with a private CFS apartment without any surveillance; and,

(s) failing to take any other reasonable measure to prevent CFS's teacher and dorm parent from sexually abusing and assaulting then-minor Plaintiff.

27. The actions and inactions of CFS set forth in the preceding paragraphs are grossly negligent, reckless, wanton, and sufficiently outrageous such that Plaintiff is entitled to be awarded punitive damages.

28. As a direct and proximate result of CFS's negligence, gross negligence, and willful, wanton, and outrageous conduct, Plaintiff suffered harm and damages set forth above.

WHEREFORE, Plaintiff, Christopher Sinclair, demands judgment in his favor for compensatory and punitive damages against Defendant, CFS, for a sum in the excess of Fifty Thousand Dollars ($50,000.00) and local arbitration limits, plus allowable taxable costs, interest, delay damages, and such other relief as this Honorable Court deems appropriate.

## COUNT II
## CHILDHOOD SEXUAL ABUSE AND VICARIOUS LIABILITY

29. The averments in the foregoing paragraphs are incorporated by reference as though set forth fully herein.

30. Marc Spera sexually abused and assaulted then-minor Plaintiff on the premises owned, operated, controlled and/or maintained by CFS, while Spera was an employee of CFS, often while he was actively working on his shift as a dorm parent.

31. Marc Spera used his status of authority and power at CFS to manipulate a vulnerable child, then-minor Plaintiff, into non-consensual sexual acts.

32. When Marc Spera sexually abused then-minor Plaintiff, Spera used the authority afforded to him by CFS to supervise, mentor, and monitor students.

Case ID: 210300487
GOLDBERG, GOLDBERG & MALONEY · ATTORNEYS AT LAW · 213-215 WEST MINER STREET · WEST CHESTER, PA 19382

33. Marc Spera was performing work assigned by, and under the direction or control of, his employer, CFS, when he sexually assaulted then-minor Plaintiff.

34. CFS directed and controlled their employees' contact with minor students residing at the boarding school, including then-minor Plaintiff, through CFS's policies and procedures.

35. When Marc Spera spent additional extra-curricular time with then-minor Plaintiff in his private apartment, it was actuated in part under the premise that it served his employer, CFS.

36. Marc Spera, used his authority and power, given to him by way of his employment with CFS, to coerce or manipulate this then-minor Plaintiff, into keeping the sexual assaults and abuse secret.

37. CFS knew or should have known that Marc Spera frequently spent time alone, uninterrupted and un-monitored with then-minor Plaintiff in Spera's school-provided and school-controlled on-campus apartment, where he sexually abused and assaulted then-minor Plaintiff.

38. CFS is vicariously liable for the tortious acts of Marc Spera, who was acting within the course and scope of his employment, including supervising, mentoring, and/or monitoring then-minor Plaintiff when he committed the actions described herein.

39. As a result of accepting, condoning, encouraging, enabling, and/or permitting CFS employee Marc Spera to supervise the care and oversight of then-minor Plaintiff, CFS committed negligence *per se* and was careless, negligent and reckless by violating the following laws, statutes, and ordinances which were designed to protect someone in the position of then-minor Plaintiff and which set forth the duty of care for people in the position of agents and employees of CFS, including:

    (a)    Institutional Sexual Assault (18 § 3124.2(a));

    (b)    Statutory Sexual Assault (18 § 3122.1);

    (c)    Unlawful Contact with Minor – Sexual Offense (18 § 6318(a)(1));

    (d)    Involuntary Deviant Sexual Intercourse with victim under sixteen (16) years old (18 § 3123 (a)(7));

Case ID: 210300487
GOLDBERG, GOLDBERG & MALONEY · ATTORNEYS AT LAW · 213-215 WEST MINER STREET · WEST CHESTER, PA 19382

(e) Indecent Assault upon person less than sixteen years of age (18 § 3126 (a)(8));

(f) Endangering Welfare of Children by person supervising the welfare of a child (18 § 4304 (a)(1));

(g) Corruption of Minor (18 § 6301(a)(1));

(h) Violating the principles of Negligent Performance of Undertaking to Render Services (Restatement (Second) of Torts §323);

(i) Violations under the Child Protective Services Law, 23 Pa.C.S.A. §6301, *et seq.*; and,

(j) any other acts or omissions constituting negligence as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

40. The actions and inactions of CFS by and through its employee, Marc Spera, as set forth in the preceding paragraphs are grossly negligent, reckless, wanton, and sufficiently outrageous such that Plaintiff is entitled to be awarded punitive damages.

41. As a direct and proximate result of CFS's negligence, gross negligence, and willful, wanton, and outrageous conduct, Plaintiff suffered harm and damages set forth above.

WHEREFORE, Plaintiff, Christopher Sinclair, demands judgment in his favor for compensatory and punitive damages against Defendant, CFS, for a sum in the excess of Fifty Thousand Dollars ($50,000.00) and local arbitration limits, plus allowable taxable costs, interest, delay damages, and such other relief as this Honorable Court deems appropriate.

## COUNT III
## NEGLIGENT SUPERVISION

42. The averments in the foregoing paragraphs are incorporated by reference as though set forth fully herein.

43. CFS had a duty to provide reasonable supervision of its minor boarding students, including then-minor Plaintiff.

Case ID: 210300487

GOLDBERG, GOLDBERG & MALONEY · ATTORNEYS AT LAW · 213-215 WEST MINER STREET · WEST CHESTER, PA 19382

44. CFS breached this duty to then-minor Plaintiff when his dorm parents knew that he violated curfew to remain unsupervised in Marc Spera's private apartment without reporting conduct or investigating it and allowing it to continue uninterrupted and without incident.

45. CFS had a duty to exercise reasonable care to prevent sexual abuse and assaults committed on CFS's premises by Spera, if done outside of the scope of his employment, when CFS knew or should have known of the necessity and ability to control or prevent Spera from perpetrating this abuse.

46. CFS breached its duty and failed to exercise reasonable supervision or control over Marc Spera by:

    (a)    failing to surveil, monitor, and/or supervise Spera at all times after becoming aware of the significant amount of time he spent with then-minor Plaintiff;

    (b)    failing to maintain adequate supervision and inspection of CFS's residential buildings;

    (c)    failing to have adequate security patrol the residential buildings at the nighttime when then-minor Plaintiff frequently returned to his dorm after curfew;

    (d)    failing to adequately investigate Spera's character and traits before entrusting him to spend time alone with then-minor Plaintiff;

    (e)    failing to oversee or supervise in any capacity the time then-minor Plaintiff spent in Spera's private CFS apartment;

    (f)    failing to monitor the computers of Spera, which he used to manipulate then-minor Plaintiff and record some of these sexual assaults;

    (g)    failing to have or enforce a "no closed door" policy when minor students were in a dorm parent's private CFS apartment;

    (h)    failing to have or enforce the use of "sign-in/sign-out" logs to assist in supervising CFS students and staff;

    (i)    failing to educate CFS staff about the signs of sexual grooming and channels of communication to report such potentially inappropriate conduct, such as that of Spera to then-minor Plaintiff;

    (j)    failing to implement policies and procedures to ensure staff members, such as Spera, were not left unsupervised with minor students such as Plaintiff;

Case ID: 210300487
GOLDBERG, GOLDBERG & MALONEY · ATTORNEYS AT LAW · 213-215 WEST MINER STREET · WEST CHESTER, PA 19382

(k) failing to have clear, formal rules relating to the disclosure of potentially inappropriate behaviors;

(l) failing to communicate clear behavioral expectations on each staff member to report suspicious or potentially inappropriate behavior;

(m) hiring Spera without conducting an adequate background check into his past conduct or proclivities; and,

(n) failing to take any other reasonable supervisory measure to prevent CFS's teacher and dorm parent from sexually abusing and assaulting then-minor Plaintiff.

47. CFS's failure to supervise then-minor Plaintiff and/or its employee, Marc Spera, as set forth in the preceding paragraphs, is negligent, reckless, wanton, and sufficiently outrageous such that Plaintiff is entitled to be awarded punitive damages.

48. As a direct and proximate result of CFS's negligence, recklessness, and willful, wanton, and outrageous conduct, Plaintiff suffered harm and damages set forth above.

WHEREFORE, Plaintiff, Christopher Sinclair, demands judgment in his favor for compensatory and punitive damages against Defendant, CFS, for a sum in the excess of Fifty Thousand Dollars ($50,000.00) and local arbitration limits, plus allowable taxable costs, interest, delay damages, and such other relief as this Honorable Court deems appropriate.

## COUNT IV
## PUNITIVE DAMAGES

49. The averments in the foregoing paragraphs are incorporated by reference as though set forth fully herein.

50. As a result of CFS's willful, wanton, and reckless indifference to the rights of its student, then-minor Plaintiff, an award of punitive damages is warranted to punish CFS for its reckless conduct and to deter CFS and other child boarding schools from completely ignoring signs of sexual abuse and sexual grooming behaviors of its teacher and dorm parent, while enabling the abuse to continue.

Case ID: 210300487
GOLDBERG, GOLDBERG & MALONEY · ATTORNEYS AT LAW · 213-215 WEST MINER STREET · WEST CHESTER, PA 19382

51. In weighing CFS's conduct against the amount of damages that will deter such future reckless indifference by CFS, its wealth is relevant to determining the sufficiency of punitive damages, which includes, but is not limited to, the following factors:

   (a) Plaintiff enrolled in 7th grade at CFS in the fall of 2008; that year CFS reported to the Department of Treasury, Internal Revenue Service, that it owned net assets amounting to $114,816,180;

   (b) on or about December 31, 2009, Plaintiff was in 8th grade and at this time it was commonly known by his dorm parents and other staff and employees that he frequently spent time alone, often after curfew, in Spera's private CFS apartment; CFS reported to the IRS that it owned net assets amounting to $121,866,763;

   (c) Plaintiff left CFS after completing 8th grade in June 2010; at the end of 2010, CFS reported to the IRS that it owned net assets amounting to $144,970,303;

   (d) by year end 2018, CFS reported to the IRS that it owned net assets amounting to $177,224,303.

WHEREFORE, Plaintiff, Christopher Sinclair, demands judgment in his favor for compensatory and punitive damages against Defendant, CFS, for a sum in the excess of Fifty Thousand Dollars ($50,000.00) and local arbitration limits, plus allowable taxable costs, interest, delay damages, and such other relief as this Honorable Court deems appropriate.

GOLDBERG, GOLDBERG & MALONEY

*Chad P. Maloney*
_____
CHARLES P. MALONEY IV, ESQUIRE
JOEL W. GOLDBERG, ESQUIRE
*Attorneys for Plaintiff Christopher Sinclair*

GOLDBERG, GOLDBERG & MALONEY • ATTORNEYS AT LAW • 213-215 WEST MINER STREET • WEST CHESTER, PA 19382

Case ID: 210300487

## VERIFICATION

I, CHRISTOPHER SINCLAIR, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of Title 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DocuSigned by:

_____
CHRISTOPHER SINCLAIR

Case ID: 210300487